J-S61017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL WALTON | |
| Appellant | No. 361 MDA 2015 |

Appeal from the Order of November 26, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.:      CP-35-CR-0003298-2007
CP-35-CR-0003301-2007

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 08, 2015**

Daniel Walton appeals the November 26, 2014 order that denied his "Petition for a Writ of *Habeas Corpus ad Testificandum* via Video Conference."  Walton's counsel has filed an **Anders**[1] brief and a petition to withdraw as counsel.  We grant counsel's petition and we affirm the order.

A prior panel of this Court summarized the history of this case as follows:

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     **Anders v. California**, 386 U.S. 738 (1967).  However, as discussed *infra*, counsel should have filed a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Regardless, our resolution of this case does not change.

Following a jury trial on October 8, 2008, Walton was convicted of two counts of delivery of a controlled substance (cocaine), two counts of possession with intent to deliver a controlled substance (cocaine), two counts of unlawful possession of a controlled substance, and two counts of criminal conspiracy. On January 23, 2009, following review of a pre-sentence investigation report, the trial court sentenced Walton to an aggregate term of six to twelve years' imprisonment. On January 29, 2009, Walton filed a Motion for Reconsideration of Sentence, which the trial court denied on February 18, 2009. On appeal, this Court affirmed Walton's judgment of sentence.

On November 1, 2010, Walton filed a *pro se* [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46] which alleged Walton's innocence of the charges for which he was convicted.

*Commonwealth v. Walton*, 1000 MDA 2012, slip op. at 1-2 (Pa. Super. May 29, 2013) (citations omitted).

On May 17, 2012, the PCRA court dismissed Walton's petition. On May 29, 2013, we affirmed the denial of Walton's PCRA petition. On August 5, 2014, Walton filed a "Motion for a New Trial or Re-Sentencing Based upon Newly Recognized Constitutional Right; Alternatively for Post Conviction Collateral Relief or Alternatively, for Writ of *Habeas Corpus*." In that motion, Walton asserted that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) would provide him relief, and that his motion was timely under the newly recognized constitutional right exception to the PCRA. On September 17, 2014, Walton filed his "Petition for a Writ of *Habeas Corpus ad Testificandum* via Video Conference," in which he sought a video conference with the trial court to discuss a new

sentence, and in which he cited the same newly recognized constitutional right exception to the PCRA.

On November 26, 2014, the PCRA court dismissed Walton's September 17 motion, stating that, because Walton's case was not on direct appeal, **Alleyne** would not provide him relief.[2] On February 9, 2015, Walton filed a motion with this Court in which he indicated that he attempted to file a notice of appeal in the trial court, but was unable to do so. We granted the motion, and deemed the notice of appeal to have been filed timely on December 14, 2014. On March 9, 2015, the PCRA court appointed appellate counsel for Walton and ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After seeking and receiving an extension of time, Walton filed his concise statement. On October 19, 2015, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

_____

[2] The November 26, 2014 order did not dispose of Walton's August 5, 2014 motion and we find nothing in the record to suggest that the PCRA court has ever ruled upon that motion. We must consider whether the PCRA court could rule upon the September 17 petition and whether we can dispose of Walton's appeal, without the court ruling on the August 5 motion. A PCRA court may not entertain a PCRA petition while a prior petition is on appeal. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Recently, our Supreme Court declined to extend **Lark** to a case in which the PCRA court held one PCRA petition in abeyance while ruling upon a second petition. **Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012). While not directly on point, **Porter** indicates that, if a first petition is not yet appealed, the PCRA court may consider a second petition. Therefore, we may consider this appeal even though the August 5 motion is still pending before the PCRA court. However, pursuant to **Lark**, the PCRA court cannot dispose of the August 5 motion until this appeal had concluded and the time in which the parties can seek further review has ended.

Counsel for Walton raises one issue on appeal:

Whether the lower court abused its discretion and committed an error of law when it denied [Walton's] petition for writ of habeas corpus based upon the recent court decisions in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) and ***Alleyne v. United States***, 133 S.Ct. 2151, 186 L. Ed 2d 314 (2013), and their progeny declaring mandatory minimum sentences unconstitutional?

***Anders*** Brief at 4.

Before reaching Walton's issue on appeal, we must address appointed counsel's petition to withdraw as counsel. Appointed counsel, Attorney Donna DeVita, has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). As discussed, *infra*, Walton seeks PCRA relief. Therefore, ***Commonwealth v. Turner****,* 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley****,* 550 A.2d 213 (Pa. Super. 1988) (*en banc*), control the procedure for withdrawing as appointed counsel. However, because the ***Anders***/***Santiago*** procedure provides greater protection, we may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** no-merit brief. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

Pursuant to ***Turner*** and ***Finley***:

[c]ounsel petitioning to withdraw from PCRA representation must proceed under [***Turner***/***Finley*** and] . . . must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — [PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted).

Here, Attorney DeVita has filed a brief that detailed her review of the case, listed the issue Walton sought to have reviewed, and explained why the issue lacks merit. Attorney DeVita has filed a petition to withdraw as counsel. Accompanying that petition is a copy of her letter to Walton in which she outlined the procedure for withdrawal, advised Walton that he could seek new counsel or file a *pro se* response to her *Anders* brief, and provided Walton with a copy of the petition to withdraw and the brief. Therefore, Attorney DeVita has complied with the technical requirements of *Turner*/*Finley*. We now must conduct our independent review of the case.

First, we address whether Walton's purported petition for a writ of *habeas corpus* should have been construed as a PCRA petition. Walton sought a modified sentence in his petition for writ of *habeas corpus*, contending that the mandatory minimum sentence that he received was unconstitutional pursuant to *Alleyne*. The PCRA is the exclusive means for obtaining post-conviction collateral relief regardless of how a petitioner titled

the filing.  ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001).  The writ of *habeas corpus* is not available when there is a remedy under the PCRA.  ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).

Here, Walton's claim is cognizable under the PCRA.  ***See*** 42 Pa.C.S § 9543(a)(2)(i)("A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place");  ***see also Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000) (concluding motion to correct illegal sentence had to be treated as petition filed pursuant to PCRA).  Therefore, Walton's petition should be treated as a PCRA petition.  Further, Walton implicitly recognized that he was seeking relief pursuant to the PCRA because his pleading contains citations to the PCRA.

As a PCRA, a petition must be timely for this Court, or any court, to have jurisdiction.  The PCRA time limits are jurisdictional in nature and must be strictly construed.  ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1267 (Pa. 2008).  A court may not address the merits of an issue raised in a PCRA petition if it is not timely filed.  ***Id.*** at 1267-68.  All PCRA petitions "shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S. § 9545(b)(1).  A judgment becomes final at the conclusion of direct

review or when the time period to obtain direct review ends. 42 Pa.C.S.A. § 9545(b)(3).

On September 10, 2010, this Court affirmed Walton's judgment of sentence. He did not seek review in the Pennsylvania Supreme Court. Thus, his judgment became final on or about October 10, 2010, at the expiration of the time in which he could have sought further review. A timely PCRA petition must have been filed on or about October 10, 2011. Although, Walton's first PCRA petition was timely, the instant petition was not filed until September 1, 2014. Therefore, Walton's petition facially is untimely.

However, Walton can overcome the timeliness requirement if, in his petition, he alleged and proved one of the following exceptions to the PCRA time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In his petition, Walton pled the third exception to the PCRA's time bar. He argues that his petition should be considered timely because *Alleyne* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014), have recognized a new constitutional right. *Anders* Brief at 6. Therefore, Walton contends that his petition should be considered to meet the third exception to the PCRA's time bar.

In *Alleyne*, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be submitted to a jury to determine the validity thereof. *Alleyne*, 133 S.Ct. at 2162. Despite *Alleyne*'s holding, we previously have rejected the type of claim Walton raises in the context of an untimely PCRA petition:

> Subsection [(b)(1)(iii)] of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review.
>
> * * *
>
> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of

sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

***Commonwealth v. Miller***, 102 A.3d 988, 994-95 (Pa. Super. 2014).

Since ***Miller*** was decided, neither the United States nor the Pennsylvania Supreme Court has held that ***Alleyne*** must be applied retroactively. Therefore, Walton cannot satisfy the requirements for the exception to the PCRA's time bar. His PCRA petition is untimely.

Our independent review of the record[3] has shown that Walton was not provided with notice of the PCRA court's intention to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. Presumably, this is because the PCRA court did not explicitly treat Walton's petition as a PCRA petition. However, the failure to provide a Rule 907 notice does not afford relief when a PCRA petition is patently untimely. ***See Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014).

_____

[3] The learned concurrence correctly observes that issues not preserved in the PCRA petition cannot be raised on appeal. However, as the concurrence acknowledges, there are issues that cannot be waived even if not raised in the PCRA petition, such as legality of sentence and jurisdiction. ***See*** Concurring Memorandum at 5 n.3. While the right to counsel in pursuit of PCRA claims is statutory, it cannot be gainsaid that, the right having been legislated, it must be vindicated. That is, the right to counsel is no right if counsel is ineffective. ***See Commonwealth v. Haag***, 809 A.2d 271, 283 (Pa. 2002) ("Pursuant to our procedural rules, not only does a PCRA petitioner have the 'right' to counsel, but also he or she has the 'right' to effective assistance of counsel."). It is incumbent upon this Court to review the record and ensure that PCRA counsel has been effective and has not overlooked any non-waivable issues before permitting that counsel to withdraw.

Because our independent review has revealed no meritorious issues, we grant Attorney DeVita's petition to withdraw as counsel. The court did not err in denying Walton's petition.

Order affirmed. Petition to withdraw as counsel granted.

Judge Panella joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015